UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARCELO HOMES, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KINSALE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 20-1719RSL<br><br>ORDER GRANTING<br>MOTION FOR LEAVE TO<br>AMEND ANSWER |

　　This matter comes before the Court on defendant's "Motion for Leave to Amend Answer." Dkt. # 19. Defendant seeks to amend its answer to assert additional affirmative defenses and to assert a counterclaim and third-party claims for declaratory judgment. Defendant's proposed amendment involves adding new parties to the instant action.

　　The Court's case management order set February 1, 2021 as the deadline to join additional parties and September 8, 2021 as the deadline for amending the pleadings. Dkt. # 14. Thus, the deadline to join additional parties has passed, but the deadline for amending the pleadings has not. Defendant may amend its answer only with the Court's leave because more than 21 days have elapsed since it served its original answer. See Fed. R. Civ. P. 15(a); Dkt. # 10 (answer was filed on December 4, 2020). Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994),

ORDER GRANTING MOTION FOR LEAVE
TO AMEND ANSWER - 1

overruled on other grounds in <u>City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.</u>, 856 F.3d 605 (9th Cir. 2017); <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990). Additionally, where a party seeks to alter a case management deadline established by the Court, the party must show good cause. Fed. R. Civ. P. 16(b)(4).

Plaintiffs have not alleged any evidence of bad faith, undue delay, prejudice, or futility related to defendant's proposed amendments. In fact, plaintiffs did not file any response to defendant's motion, which the Court construes "as an admission that the motion has merit." LCR 7(b)(2). Defendant has sufficiently explained why the proposed amendments are necessary for fair and just resolution of all claims related to this insurance dispute. <u>See generally</u> Dkt. # 19. Accordingly, the Court finds good cause for modifying the deadline and finds that justice requires giving leave to amend defendant's answer. <u>See</u> Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 15(a)(2).

The instant action involves liability coverage for claims made by third-party defendants against plaintiffs. Defendant is an insurance company that insured plaintiffs under at least one liability insurance policy. Dkts. # 1-2, # 10, # 19. Plaintiffs are defendants in two underlying lawsuits: <u>Odessa Condominium Owners Association, et al. v. Barcelo Madison Park, LLC, et al.</u>, King County Superior Court Case Number 19-2-14747-4, and <u>Tribrach Capital v. Barcelo Homes, Inc. et al.</u>, King County Superior Court Case Number 19-2-19843-5. <u>Id.</u> Defendant agreed to defend plaintiffs pursuant to an express reservation of rights. Dkts. # 1-2, # 10, # 19, # 20-3, # 20-4. Plaintiffs originally filed this suit based on an issue relating to pre-tender defense costs. Dkts. # 1-2, # 19. Defendant now asserts that there are multiple coverage issues that may operate to preclude coverage to plaintiffs in both of the underlying lawsuits. Dkt. # 19 at 3–6. Defendant is seeking a declaratory judgment on exclusions/provisions under its policy that it does not owe plaintiffs insurance coverage for claims brought against them in the underlying lawsuits. <u>Id.</u> The proposed third-party defendants are injured party claimants that defendant has the obligation to join in an action for declaratory judgment concerning insurance coverage. <u>See</u> <u>Allstate Ins. Co. v. King</u>, 2013 WL 5302494, at *1 (W.D. Wash. Sept. 19, 2013) (collecting cases).

ORDER GRANTING MOTION FOR LEAVE
TO AMEND ANSWER - 2

Given that defendant's new counsel only recently appeared in this matter and made defendant aware of the concern regarding amending the pleadings and avoiding incurring inconsistent obligations, Dkts. # 19, # 20 ¶ 6, this cuts against finding any bad faith or undue delay here. Additionally, no discovery has been conducted in this matter beyond exchanging initial disclosures, Dkt. # 20 ¶ 7, and while the deadline to join additional parties recently passed on February 1, 2021, the Court's deadline to amend pleadings is still many months out (September 8, 2021), the discovery cutoff is not until November 7, 2021, and the trial date is March 7, 2022. Dkt. # 14. In other words, the parties will have more than adequate time to conduct any discovery and file any dispositive motions they see fit. There is no apparent prejudice to the non-movants.

For the foregoing reasons, defendant's motion, Dkt. # 19, is GRANTED. Defendant shall file an amended answer consistent with the proposed amendments it has submitted, Dkt. # 20, Ex. E, within ten days of this order.

DATED this 13th day of April, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge